UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THE UNITED STATES LIFE INSURANCE COMPANY :
IN THE CITY OF NEW YORK,

       Plaintiff,               :

  -against-               :

DESIREE M. YOUNG-GUNN, KEVIN GUNN,
MICHAEL GUNN, CHEYENNE MORALES,    :
PREFERRED FUNERAL FUNDING CORP., and
GRIFFIN-PETERS FUNERAL HOME CORP.,   :

       Defendants.
------------------------------------------------------------------- x

**FILED**

**DEC 1 1 2007**

**USDC WP SDNY**

Index No.

**JUDGE GRIESA**

**INTERPLEADER
COMPLAINT**

**'07 CIV 11168**

### COMPLAINT FOR INTERPLEADER RELIEF

      Plaintiff/Stakeholder, The United States Life Insurance Company in the City of New

York ("US Life"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and for

its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335, and against

Defendants/Claimants, Desiree M. Young-Gunn, Kevin Gunn, Michael Gunn, The Estate of

Delores L. Gunn, Cheyenne Morales, Preferred Funeral Funding Corp. and Griffin-Peters

Funeral Home Corp. (collectively, the "Defendants/Claimants"), states as follows:

### PARTIES

    1.    Plaintiff/Stakeholder, US Life, is an insurance company incorporated under the

laws of the State of New York, having a principal place of business in New York, NY.

    2.    On information and belief, Defendant/Claimant Desiree M. Young-Gunn, is a

citizen of the State of California, residing at 953 Loma Linda Avenue, El Sobrante, CA 94803.

    3.    On information and belief, Defendant/Claimant Kevin Gunn is a citizen of the

State of New York, residing at 2937 8th Avenue, Apt. 26L, New York, NY 10039.

1825531.1

4.    On information and belief, Defendant/Claimant Michael Gunn is a citizen of the State of New York, residing at 2937 8th Avenue, Apt. 26L, New York, NY 10039.

5.    On information and belief, Defendant/Claimant Cheyenne Morales is a citizen of the State of New York, residing at 589 Amsterdam Avenue, Apt. 4J, New York, NY 10024.

6.    On information and belief, Defendant/Claimant Preferred Funeral Funding Corp., is a funeral-creditor company, incorporated under the laws of New York, having a principle place of business at 1 West 125th Street, New York, NY 10027.

7.    On information and belief, Defendant/Claimant Griffin-Peters Funeral Home Corp. is a funeral-service company, incorporated under the laws of the State of New York, having a principle place of business at 2284 Adam Clayton Powell, Jr. Boulevard, New York, NY 10030.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over this matter under 28 U.S.C. § 1335, as there are two or more adverse claimants of diverse citizenship, and the total value of the benefit of the subject life-insurance policy is more than $500.

9.    Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391 and 1397, as a substantial part of the events or omissions giving rise to the claims set forth below occurred in this jurisdiction and several of the Defendant/Claimants reside in this jurisdiction.

## FACTUAL BACKGROUND

10.    On the basis of an application for life insurance, submitted in October 1983 by Delores L. Gunn (the "Insured"), US Life[1] issued policy no. 5008414400 (the "Policy") in the face amount of $20,000 on or about February 1, 1984. *See* Duplicate Policy attached as **Ex. A.**

---

[1] American General Life Insurance Company of New York, which originally issued the Policy, merged into US Life in March 2003.

2

11.    The Insured designated her children Michael Gunn, Kevin Gunn, and Desiree Gunn as primary beneficiaries to the Policy. *See id.*

12.    In August 1990, the Insured submitted a Beneficiary Designation form, again designating Michael Gunn, Kevin Gunn, and Desiree Gunn as primary beneficiaries to the Policy **Ex. B**.

13.    On or about October 19, 2007, Claimant/Defendant Desiree M. Gunn-Young submitted a Power of Attorney with respect to the Insured's (her mother's) affairs. **Ex. C**.

14.    On or about October 26, 2007, Claimant/Defendant Desiree M. Gunn-Young submitted a Change of Beneficiary form, apparently on behalf of the Insured, designating Desiree M. Gunn-Young as sole primary beneficiary to the Policy. The form was submitted without a witness signature. *See* Change of Beneficiary Form attached as **Ex. D**.

15.    On or about October 29, 2007, the Insured died.

16.    Under the terms of the Policy, and on account of the death of the Insured, US Life became obligated to pay the sums due under the Policy in the total approximate amount of $20,000 (the "Proceeds").

17.    On or about October 30, 2007, Defendant/Claimant Cheyenne Morales contacted US Life and requested death-benefit claims information. The next day, US Life sent the requested information to Morales. *See* 10-31-07 Letter from US Life to Cheyenne Morales attached as **Ex. E**.

18.    On or about November 5, 2007, Defendant/Claimant Desiree M. Gunn-Young contacted US Life and requested death-benefit claims information.

3

19.    On or about November 5, 2007, US Life sent death-benefit claims information to Defendant/Claimants Kevin Gunn and Michael Gunn. *See* 11-5-07 Letters from US Life to Kevin and Michael Gunn attached as **Ex. F.**

20.    On or about November 8, 2007, Defendant/Claimant submitted to US Life complaints apparently filed with the District Attorney and Attorney General in the State of New York, alleging fraudulent activity on the part of Defendant/Claimants Desiree M. Gunn-Young and Kevin Gunn related to the Policy and Proceeds. *See* Complaint Forms attached as **Ex. G.**

21.    Since the death of the Insured, US Life has received calls from Defendant/Claimants Preferred Funeral Funding Corp. and Griffin-Peters Funeral Home Corp., inquiring about the claim(s) to the Proceeds to the Policy as they relate to the Insured's funeral expenses.

## BASIS FOR INTERPLEADER RELIEF

22.    Because there are actual and/or potential conflicting claims to the Proceeds, US Life cannot safely attend to its payment obligation under the Policy.

23.    As a result of the foregoing, there are actual and/or potential conflicting claims to the Proceeds, and US Life has been unable to discharge its admitted payment obligation under the Policy without exposing itself to multiple liability, multiple litigation, or both.

24.    US Life is willing to pay the Proceeds due and owing on account of the death of the Insured under the Policy and the applicable law.

25.    US Life has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

## RELIEF SOUGHT

**WHEREFORE**, US Life requests the following relief:

4

a.  That this Court grant US Life leave to deposit its admitted liability with the Clerk of this Court;

b.  That the Defendants/Claimants be enjoined from instituting or prosecuting against US Life in a proceeding in any state or United States Court or administrative tribunal affecting the insurance proceeds due under the Policy and on account of the death of the Insured and that said injunction issue without bond or surety;

c.  That the Defendants/Claimants be required to make full and complete answer to this Complaint for Interpleader Relief and to set forth to which of them the Proceeds, or any part thereof, rightfully belong, as well as how they make their claims thereto;

d.  That this Court determine and declare the rights of the Defendants/Claimants to the Proceeds due and owing under the Policy;

e.  That this Court discharge US Life of and from any and all liability for any insurance payable on account of the death of the Insured;

f.  That this Court excuse US Life from further attendance upon this cause, exempting it from any pre-trial requirements such as automatic disclosures and the preparation of a discovery plan under Rules 16 and 26 of the Federal Rules of Civil Procedure and ultimately dismissing it from this case with prejudice;

g.  That this Court grant US Life such other and further relief as this Court deems just and equitable, including its attorney fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policy.

Dated:    White Plains, New York
          December 11, 2007

THE UNITED STATES LIFE INSURANCE
COMPANY IN THE CITY OF NEW YORK

By: _____

Fred N. Knopf  (FNK 4625)
Matthew D. Donovan (MD 2940)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001

5

To:    Desiree M. Gunn-Young
       953 Loma Linda Avenue
       El Sobrante, CA 94803

       Kevin Gunn
       2937 8th Avenue, Apt. 26L
       New York, NY 10039

       Michael Gunn
       2937 8th Avenue, Apt. 26L
       New York, NY 10039

       Cheyenne Morales
       589 Amsterdam Avenue, Apt. 4J
       New York, NY 10024

       Griffin-Peters Funeral Home Corp.
       2284 Adam Clayton Powell, Jr. Blvd.
       New York, NY 10030

       Preferred Funeral Funding Corp.
       1 West 125th Street
       New York, NY 10027

1825531.1

# EXHIBIT A

# American General
## Life Insurance Company Of New York
### Syracuse, New York

**WE WILL PAY THE SUM INSURED** to the Beneficiary if the Insured dies while this policy is in force. Payment will be made after we receive due proof of the Insured's death, subject to the terms of this policy.

The consideration for this contract is the application and the payment in advance of premiums. The first premium must be paid on or before delivery of this policy. Future premiums are to be paid as shown on page 3 or until the death of the Insured, if earlier.

SIGNED AT THE HOME OFFICE ON THE DATE OF ISSUE.

Secretary

Registrar

President

This is a WHOLE LIFE POLICY. The SUM INSURED is payable upon the Insured's death. Premiums are payable during the Insured's lifetime. NONPARTICIPATING — NOT ELIGIBLE FOR DIVIDENDS.

### IMPORTANT NOTICE — RIGHT TO EXAMINE CONTRACT FOR 10 DAYS

If you are dissatisfied with your contract in any way, please return it by delivering or mailing it to the Insurance Agent through whom it was effected or to the Company, no later than 10 days following the date of receipt and the Company will refund the full amount you have paid.

79193-5

AIG 000000145

## INDEX

| | | | | |
|---|---|---|---|---|
| Assignment | 5,8 | Date of Issue | 2,3 | Policy Values | 6,7 |
| Automatic Premium Loan | 7 | Extended Term Insurance | 6,7 | Premiums | 3,8 |
| Beneficiary | 8 | General Provisions | 2 | Reinstatement | 8 |
| Cash Value | 6,7 | Grace Period | 8 | Suicide | 2 |
| Change in Plan | 2 | Incontestability | 2 | Surrender Value & Options | 7 |

| | | | |
|---|---|---|---|
| Owner | 3,8 | Paid-Up Insurance | 6,7 |
| Payment Options | 4,5 | Policy Data | 3 |
| Policy Loans | 7 | | |

## GENERAL PROVISIONS

We, Our, Us, Company. "We", "our", "us" or "Company" means American General Life Insurance Company of New York.

Contract. This policy and the application, a copy of which is attached, are the entire contract. Statements in the application are representations and not warranties. We will not use any statement that is not in the application to void the policy or defend against a claim.

No agent has the authority to change this policy or waive any of its provisions. Changes can be made only by a written agreement signed by an officer of the Company.

Date of Issue. The Date of Issue of this policy is the date on which the first premium is due. The Date of Issue is also the date from which all policy years, anniversaries, and premium due dates are determined.

Change in Plan. The plan of insurance may be changed with

our consent. The requirements to make a plan change including the cost, if any, will be determined by the Company.

Debt. Debt means all unpaid loans on this policy including interest due. Policy proceeds will be paid less all debt.

Age or Sex Incorrectly Stated. If the Insured's age, or sex are not correctly stated, we will pay an amount that the premium paid would have bought at the correct age or sex.

Suicide. If the Insured dies by suicide within 2 years from the Date of Issue, the amount payable will be limited to the premiums paid less any debt.

Not Contestable After Two Years. We cannot contest this policy after it has been in force, during the Insured's lifetime, for 2 years from its Date of Issue. This provision will not apply to any waiver of premium, disability or accidental death benefit rider.

79193-5
Page 2

A I G  000000146

FICHE/FILM  BEST COPY

# POLICY INFORMATION

## SCHEDULE OF BENEFITS AND PREMIUMS

| | Number of Years Payable | ANNUAL PREMIUMS |
|---|---|---|
| BASIC POLICY WHOLE LIFE | 57 | $402.60 |

ADDITIONAL BENEFITS provided by Supplementary Agreements

| | | |
|---|---|---|
| PREMIUM WAIVER DISABILITY BENEFIT | 17 | 17.00 |

| | TOTAL ANNUAL PREMIUM | | $419.60 |
|---|---|---|---|
| Special Monthly | Monthly | Quarterly | Semiannual |
| $34.97 | $34.97 | $104.90 | $209.80 |

The Special Monthly premium is available only under the Automatic Bank Check plan of the Company, a Salary Allotment plan, or Government Allotment.

## OWNER AND BENEFICIARY

The Owner and Beneficiary shall each be as designated in the application unless either is subsequently changed as provided in this policy.

## POLICY DATA

| | |
|---|---|
| INSURED  DOLORES LOIS GUNN | POLICY NUMBER  E 841440 |
| INSURANCE AGE  48 | DATE OF ISSUE  FEBRUARY 1, 1984 |
| SUM INSURED  $20,000 | PREMIUM CLASS  STANDARD |
| | ANNUAL POLICY LOAN INTEREST RATE — 7.40% |

THE POLICY OWNER MAY RETURN THIS POLICY WITHIN TEN DAYS AFTER IT IS
DELIVERED IF THE POLICY OWNER IS NOT SATISFIED FOR ANY REASON.  UPON
SURRENDER OF THE POLICY IT SHALL BE VOID FROM THE BEGINNING AND THE
COMPANY WILL REFUND ANY PREMIUM PAID.

AIG 000000147

## PAYMENT OPTIONS

Instead of being paid in one sum, all or part of the proceeds may be applied under any of the payment options described belo⸱ Beside these options, other methods of payment may be chosen with our consent.

**Payment Contract.** If a payment option is chosen, each payee will receive a Payment Contract stating the payee's rights and benefits. The Payment Contract will also state who will receive any unpaid balance when the payee dies.

**Choice of Options.** The Owner may choose or change any Payment Option while the Insured is alive as provided by this policy. Such choice or change must be in writing. Within 60 days after the Insured's death, a payee entitled to proceeds in one sum may choose any payment option.

**Option 1. Payments for a Specified Period:** Equal monthly payments will be made for a specified period. The Option 1 Table in this policy shows the monthly income for each $1,000 applied.

**Option 2. Payments of a Specified Amount:** Equal monthly payments of a specified amount will be made. Each payment must be at least $60 a year for each $1,000 of proceeds applied. Payments will continue until the amount applied, with interest, has been paid in full.

**Option 3. Monthly Payments for Life:** Equal monthly payments will be made for a specified period, and will continue after that period for as long as the payee lives. The specified period may be 10, 15, or 20 years, or until total payments equal the amount applied under this option. The Option 3 Table in this policy shows the monthly income for each $1,000 applied.

At the time payments are to begin under this option, the payee may choose one of the following:

a.  monthly payments based on the Option 3 Table; or

b.  monthly payments equal to 104% of a monthly annuity based on our single premium immediate annuity rates then in use.

**Option 4. Proceeds Left at Interest:** Proceeds may be left on deposit with the Company for any period up to 30 years. Interest earned on the proceeds may be:

a.  left on deposit to accumulate at the rate of 3% compounded annually; or

b.  paid in installments at the rate for each $1,000 of proceeds of $30 annually, $14.89 semiannually, $7.42 quarterly ⸱ $2.47 monthly.

Upon the death of the payee, or at the end of the specific period, any balance left on deposit will be paid in a lump sum under Options 1, 2, or 3.

**Interest Rates.** We guarantee an interest rate of 3% compounded annually on proceeds held under Payment Options 1, 2, and 4 We may credit interest at a higher rate determined by us.

**Payments.** The first payment under Options 1, 2, and 3 will be made when the claim for settlement has been approved. Payments after the first will be made according to the manner of payment chosen. Interest under Option 4 will be credited from the date of death and paid or added to the proceeds as provided in the Payment Contract.

**Availability of Options.** If the proposed payee is not a natural person, payment options may be chosen only with our consent.

If this policy is assigned, we will have the right to pay the assignee in one sum the amount to which the assignee is entitled Any balance will be applied according to the option chosen.

The amount to be applied under any one option must be at least $2,000. The payment elected under any one option must be at least $20.

**Evidence That Payee is Alive.** Before making any payment under a Payment Option, we may ask for proof that the payee is alive. If proof is requested, no payment will be made or considered due until we receive proof.

**Death of a Payee.** If a payee dies, any unpaid balance will be paid as stated in the Payment Contract. If there is no surviving payee named in the Payment Contract, we will pay the estate of the payee:

a.  under Options 1 and 3, the value as of the date of death or the remaining payments for the specified period, discounted at 3% compounded annually;

b.  under Options 2 and 4, the balance of any proceeds remaining unpaid with accrued interest, if any.

AIG 000000148

## PAYMENT OPTIONS

Withdrawal of Proceeds Under Options 1 or 2. If provided in the Payment Contract, a payee will have the right to withdraw the entire unpaid balance under Options 1 or 2. Under Option 1, the amount will be the value of the remaining payments for the specified period discounted at 3% compounded annually. Under Option 2, the amount will be the entire unpaid balance.

Withdrawal of Proceeds Under Option 4. A payee will have the right to withdraw proceeds left under Option 4 subject to the following rules:

a.    the amount to be withdrawn must be $500 or more;

b.    a partial withdrawal must leave a balance on deposit of $1,000 or more

Withdrawals May Be Deferred. We may defer payment of any withdrawal for up to 6 months from the date we receive a withdrawal request.

Assignment. Payment Contracts may not be assigned

Change in Payment. The right to make any change in payment is available only if it is provided in the Payment Contract.

Claims of Creditors. To the extent permitted by law, proceeds will not be subject to any claims of a Beneficiary's creditors.

### TABLES OF MONTHLY INSTALLMENTS FOR EACH $1,000 OF PROCEEDS

#### OPTION 1 TABLE
INSTALLMENTS FOR A SPECIFIED PERIOD

| Number of Years Payable | Amount of Monthly Installments | Number of Years Payable | Amount of Monthly Installments | Number of Years Payable | Amount of Monthly Installments | Number of Years Payable | Amount of Monthly Installments |
|---|---|---|---|---|---|---|---|
| 1 | $84.47 | 11 | $8.86 | 21 | $5.32 | 31 | $4.10 |
| 2 | 42.86 | 12 | 8.24 | 22 | 5.15 | 32 | 4.02 |
| 3 | 28.99 | 13 | 7.71 | 23 | 4.99 | 33 | 3.95 |
| 4 | 22.06 | 14 | 7.26 | 24 | 4.84 | 34 | 3.88 |
| 5 | 17.91 | 15 | 6.87 | 25 | 4.71 | 35 | 3.82 |
| 6 | 15.14 | 16 | 6.53 | 26 | 4.59 | 36 | 3.76 |
| 7 | 13.16 | 17 | 6.23 | 27 | 4.47 | 37 | 3.70 |
| 8 | 11.68 | 18 | 5.96 | 28 | 4.37 | 38 | 3.65 |
| 9 | 10.53 | 19 | 5.73 | 29 | 4.27 | 39 | 3.60 |
| 10 | 9.61 | 20 | 5.51 | 30 | 4.18 | 40 | 3.55 |

#### OPTION 3 TABLE
INSTALLMENTS FOR LIFE WITH SPECIFIED MINIMUM PERIOD

| AGE OF PAYEE | | GUARANTEED PERIOD | | | | AGE OF PAYEE | | GUARANTEED PERIOD | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Male | Female | 10 Years | 15 Years | 20 Years | Installment Refund | Male | Female | 10 Years | 15 Years | 20 Years | Installment Refund |
| 20* | 24* | 3.06 | 3.05 | 3.05 | 3.05 | 50 | 54 | 4.41 | 4.35 | 4.25 | 4.26 |
| 21 | 25 | 3.08 | 3.08 | 3.07 | 3.07 | 51 | 55 | 4.50 | 4.42 | 4.31 | 4.33 |
| 22 | 26 | 3.10 | 3.10 | 3.09 | 3.09 | 52 | 56 | 4.59 | 4.51 | 4.38 | 4.41 |
| 23 | 27 | 3.12 | 3.12 | 3.12 | 3.11 | 53 | 57 | 4.69 | 4.59 | 4.44 | 4.49 |
| 24 | 28 | 3.15 | 3.15 | 3.14 | 3.13 | 54 | 58 | 4.79 | 4.68 | 4.51 | 4.58 |
| 25 | 29 | 3.17 | 3.17 | 3.17 | 3.16 | 55 | 59 | 4.90 | 4.77 | 4.58 | 4.67 |
| 26 | 30 | 3.20 | 3.20 | 3.19 | 3.18 | 56 | 60 | 5.01 | 4.86 | 4.65 | 4.76 |
| 27 | 31 | 3.23 | 3.23 | 3.22 | 3.21 | 57 | 61 | 5.13 | 4.96 | 4.72 | 4.87 |
| 28 | 32 | 3.26 | 3.25 | 3.25 | 3.24 | 58 | 62 | 5.25 | 5.06 | 4.79 | 4.97 |
| 29 | 33 | 3.29 | 3.28 | 3.28 | 3.27 | 59 | 63 | 5.39 | 5.16 | 4.85 | 5.08 |
| 30 | 34 | 3.32 | 3.32 | 3.31 | 3.29 | 60 | 64 | 5.52 | 5.27 | 4.92 | 5.20 |
| 31 | 35 | 3.35 | 3.35 | 3.34 | 3.33 | 61 | 65 | 5.67 | 5.37 | 4.99 | 5.32 |
| 32 | 36 | 3.38 | 3.38 | 3.37 | 3.36 | 62 | 66 | 5.82 | 5.48 | 5.05 | 5.46 |
| 33 | 37 | 3.43 | 3.42 | 3.41 | 3.39 | 63 | 67 | 5.97 | 5.59 | 5.11 | 5.59 |
| 34 | 38 | 3.46 | 3.46 | 3.44 | 3.43 | 64 | 68 | 6.13 | 5.69 | 5.16 | 5.74 |
| 35 | 39 | 3.50 | 3.50 | 3.48 | 3.46 | 65 | 69 | 6.30 | 5.80 | 5.21 | 5.89 |
| 36 | 40 | 3.55 | 3.54 | 3.52 | 3.50 | 66 | 70 | 6.48 | 5.90 | 5.26 | 6.06 |
| 37 | 41 | 3.59 | 3.58 | 3.56 | 3.54 | 67 | 71 | 6.66 | 6.01 | 5.31 | 6.23 |
| 38 | 42 | 3.64 | 3.62 | 3.60 | 3.58 | 68 | 72 | 6.84 | 6.11 | 5.34 | 6.41 |
| 39 | 43 | 3.69 | 3.67 | 3.65 | 3.63 | 69 | 73 | 7.03 | 6.20 | 5.38 | 6.61 |
| 40 | 44 | 3.74 | 3.72 | 3.69 | 3.67 | 70 | 74 | 7.22 | 6.29 | 5.41 | 6.81 |
| 41 | 45 | 3.79 | 3.77 | 3.74 | 3.72 | 71 | 75 | 7.41 | 6.38 | 5.43 | 7.03 |
| 42 | 46 | 3.85 | 3.82 | 3.79 | 3.77 | 72 | 76 | 7.60 | 6.46 | 5.45 | 7.26 |
| 43 | 47 | 3.90 | 3.88 | 3.84 | 3.82 | 73 | 77 | 7.79 | 6.53 | 5.47 | 7.51 |
| 44 | 48 | 3.97 | 3.94 | 3.89 | 3.87 | 74 | 78 | 7.98 | 6.59 | 5.48 | 7.77 |
| 45 | 49 | 4.03 | 4.00 | 3.95 | 3.93 | 75 | 79 | 8.17 | 6.65 | 5.49 | 8.05 |
| 46 | 50 | 4.10 | 4.06 | 4.00 | 3.99 | 76 | 80 | 8.35 | 6.70 | 5.50 | 8.36 |
| 47 | 51 | 4.17 | 4.13 | 4.06 | 4.05 | 77 | 81 | 8.52 | 6.74 | 5.50 | 8.67 |
| 48 | 52 | 4.25 | 4.20 | 4.12 | 4.12 | 78 | 82 | 8.68 | 6.77 | 5.51 | 9.01 |
| 49 | 53 | 4.33 | 4.27 | 4.18 | 4.18 | 79 | 83 | 8.83 | 6.80 | 5.51 | 9.38 |
| | | | | | | 80** | 84** | 8.96 | 6.82 | 5.51 | 9.76 |

Payments are based upon the age, nearest birthday, of the Payee on the date the first payment is due. If monthly installments for two or more specified periods for a given age are the same, the specified period of longer duration will apply.

*Also applies to younger ages.        **Also applies to older ages.

AIG 000000149

## TABLE OF GUARANTEED VALUES

This table provides values for the entire sum insured at the end of each policy year shown. It assumes that all premiums due have been paid and that no debt has been charged against the policy. On request, we will provide values for years not shown. Values will be adjusted if premiums have been paid to a date other than a policy anniversary.

EXTENDED TERM INSURANCE IS NOT AVAILABLE IF THIS POLICY IS IN A SPECIAL PREMIUM CLASS AS SHOWN IN THIS POLICY

| End of Policy Year | Cash or Loan Value | Yearly Increase in Cash or Loan Value | Amount of Paid-Up Insurance | Period of Extended Term Insurance Years | Days |
|---|---|---|---|---|---|
| 1 | | | | | |

*(table values illegible)*

NONFORFEITURE FACTORS

**Basis of Computations.** The cash value at the end of any policy year is:

a. the present value of future insurance benefits provided by this policy (not including benefits provided by supplementary agreements); less

b. the present value of a series of amounts, each equal to the appropriate nonforfeiture factor stated in the cash value table and payable continuously for the remaining premium paying period.

A detailed statement of the method of computing cash values has been filed with the state in which this policy is delivered. Values for this policy equal or exceed minimum values required by that state.

All cash and nonforfeiture values are calculated using the Commissioners 1958 Standard Ordinary Table of Mortality with continuous functions and interest compounded annually at the rate of

65000 DNY

AIG 000000150

## GUARANTEED POLICY VALUES

**Surrender of Policy.** The Owner may surrender this policy and take its Surrender Value at any time after it first has a Surrender Value.

**Surrender Value.** The Surrender Value of this policy will be the Cash Value less any debt. The Surrender Value will be increased by any loan interest paid for a period beyond the date of surrender.

**Cash Value.** The Cash Value of this policy will be determined as follows:

a. **While No Premium is in Default.** The Cash Value will be determined from the Table of Guaranteed Policy Values. Such Cash Value will be adjusted for any portion of a year's premium paid beyond a policy anniversary. If this policy has become fully paid up, the Cash Value will be the present value of future guaranteed benefits.

b. **While a Premium is in Default:** Within 60 days after the due date of any unpaid premium, the Cash Value will be the same as on that due date.

If this policy has been placed on extended term or paid up life insurance, the Cash Value will be the present value of such benefits. If surrender takes place within 31 days after a policy anniversary, the Cash Value will not be less than on that anniversary.

**Surrender Value Options.** Any one of the Surrender Value Options set forth below may be chosen by sending us a suitable written request. The request must be received at our Home Office within 60 days after the due date of the premium in default and before the death of the Insured. When a Surrender Value Option takes effect any supplementary agreements made a part of the policy will lapse.

a. **Extended Term Insurance.** (This option may not be chosen if this policy is in a special premium class. The premium class is shown on page 3 of the policy.) This policy may be continued as nonparticipating extended term insurance. Insurance under this option will be effective as of the due date of the premium

in default. The amount of extended term insurance will be the Sum Insured under this policy less any debt.

The period of extended term insurance will be determined by using the Surrender Value of this policy as a net single premium. Such premium will be based on the Insured's attained age, nearest birthday, on the due date of the premium in default.

If the amount of insurance under the paid-up insurance option would be the same as, or more than, the amount under extended term, the paid-up option will apply.

b. **Paid-Up Life Insurance.** This policy may be continued in force as nonparticipating paid-up insurance. The amount of paid-up insurance will be determined by using the Surrender Value of the policy as a net single premium as of the due date of the premium in default at the then current age of the insured.

c. **Paid in Cash.** The Owner may surrender this policy for its Surrender Value. Upon surrender, this policy will terminate and the Surrender Value will be paid to the Owner in one sum. Surrender will be effective on the date we have received both this policy and a written surrender request in a form acceptable to us. We reserve the right to defer payment for not more than 6 months from the date of surrender. If payment is deferred for 30 days or more, the Surrender Value will bear interest at the rate of 2½% a year.

**Automatic Option.** If a premium for this policy is not paid within the grace period, and no Surrender Value option has been elected.

a. the policy will be continued under the extended term option if this policy is not in a special premium class. However, the Owner will have the right to elect a different option within 60 days after the due date of the premium in default.

b. the policy will be continued under the paid-up insurance option if this policy is in a special premium class.

## LOAN PROVISIONS

**Policy Loans.** The Owner of this policy may borrow from us an amount which is equal to or less than the policy's loan value. The loan value will be the cash value less:

a. any debt,
b. any premium due, and
c. interest on the amount to be borrowed to the next policy year.

The Owner may obtain a policy loan by written request and assignment of the policy as sole security for the Loan. A policy being continued as extended term insurance has no loan value.

Interest on a policy loan will be charged at the rate shown on page 3 of this policy, payable in advance. When a loan is made interest will be deducted to the next policy anniversary. Interest thereafter will be payable in advance on each policy anniversary. Interest not paid when due will be added to the loan.

A policy loan may be repaid in full or in part at any time except that (a) repayment may be made only while this policy is in force and prior to the death of the Insured; (b) a partial repayment must be at least $10.00, (c) if this policy is in force under a Surrender Value Option, the amount of any loan deducted in determining the Surrender Value may be repaid only if this policy is reinstated.

At any time the policy debt exceeds the cash value the policy will lapse. But we must mail a notice of lapse at least 31 days before the lapse to the last known address of the owner and to any assignee of record.

We may postpone making a loan for not more than 6 months from the date we receive a loan application. A policy loan to pay premiums due the Company may not be postponed.

**Limited Automatic Premium Loan Option.** A policy loan will be made to pay any premium on this policy not paid at the end of the grace period provided that:

a. The Owner must have elected the Limited Automatic Premium Loan Option while no premium was in default. The election, if not made when the policy was applied for, may be made later by sending a written request to our Home Office.

b. The loan value must be enough to pay the premium in default with interest to the next policy anniversary.

c. Only 2 consecutive annual, semi-annual or quarterly premiums or 6 consecutive monthly premiums will be paid automatically under this option. Additional premium loans may be made if the Owner submits a written request for renewal of this provision or pays at least one premium in cash.

Interest on a premium loan will be charged from the premium due date. Otherwise the terms of the Policy Loan provision will apply.

If a past due premium is not paid by premium loan, the Surrender Value Options will apply.

The Owner may terminate this option at any time by submitting a written request to the Company.

AIG 000000151

## OWNERSHIP, BENEFICIARY, AND ASSIGNMENT PROVISIONS

**Ownership.** The Owner is the person named in the application unless an Owner Designation providing otherwise is attached to the policy when issued. The Owner may be changed as provided below. While the Insured is alive the Owner may assign or surrender this policy without anyone's consent unless an assignment of record or an endorsement provides otherwise. The Owner may amend the policy with our consent and is entitled to all rights and benefits provided by the policy.

If an Owner other than the Insured dies before the Insured without naming a successor, ownership will pass to the deceased Owner's estate.

**Beneficiary.** The Beneficiary named in the application or later named by the Owner will receive any proceeds payable when the Insured dies. If a Beneficiary dies before the Insured, that Beneficiary's interest will pass according to the Beneficiary Designation. If no Beneficiary survives the Insured, proceeds will be paid to the Owner, if living, or to his estate, if deceased.

**Change of Ownership and Beneficiary.** While the Insured is alive, the Owner or Beneficiary may be changed by the Owner. Such change shall be made by written request to us at our Home Office. If the change is not subject to the rights of any assignee of record or Irrevocable Beneficiary, it will take effect when it is recorded by us. The change will then be deemed to be effective as of the date of the request for change, even though the Insured may have died before the change was recorded. The change, however, will be subject to any payment that we have made or action we have taken before the request is recorded. If required by us, the policy must be sent to us for endorsement of the change.

**Common Disaster.** If a Beneficiary and the Insured die in a common disaster and we can't tell from the proofs submitted who died first, the Beneficiary will be deemed to have died first. Any proceeds will be paid on that basis unless an endorsement provides otherwise.

**Assignment.** We will not be bound by any assignment of this policy unless it is received in writing at our Home Office. Two copies of the assignment must be submitted. We will retain one copy and return the other. We will not be responsible for the validity of any assignment.

## PREMIUMS

**Payment of Premiums.** Premiums are payable in advance either:

a.   at our Home Office; or
b.   to our authorized agent in exchange for a receipt signed by our President, a Vice President or Secretary and counter-signed by such agent.

Premiums may be paid in advance at 12, 6, 3 or 1 month intervals at the rates in use by the Company on the Date of Issue. No premium payment may be less than $10 without our consent. The Owner may change the frequency of payment provided a premium payment will become due on each policy anniversary.

Any portion of a premium paid beyond the policy month in which the insured died will be added to the proceeds of the policy.

**Grace Period.** The grace period is a period of 31 days following the due date of each premium after the first. The premium may be paid at any time during the grace period without interest. During the grace period, the policy will remain in force, but the premium will be in default. If death occurs within the grace period the premium for the policy month in which death occurred will be deducted from the proceeds.

**Nonpayment of Premium.** If a premium in default is not paid by the end of the grace period, the policy will terminate except as otherwise provided in the Surrender Options. The date of default will be the due date of the premium in default.

**Reinstatement.** Unless it was surrendered for cash, this policy may be reinstated at any time within 5 years after default if:

a.   proof of good health and insurability satisfactory to us is furnished,
b.   all past due premiums are paid with interest compounded annually at the rate of 6% per year from the due date of each, and,
c.   any debt is paid or reinstated with interest at the rate of 6% per year from the date of default.

79193C

AIG 000000152

RIDER

Providing

## PREMIUM WAIVER DISABILITY BENEFIT

AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK has issued this rider as a part of the policy to which it is attached.

**Benefit.** Upon receipt of due proof that the Insured is totally disabled, as defined below, we will waive each premium as it becomes due, while the Insured remains totally disabled, except that:

a.  no premium will be waived prior to the policy anniversary nearest the Insured's 15th birthday;

b.  no premium will be waived after the policy anniversary nearest the Insured's 65th birthday unless on such date the Insured has been continuously disabled for at least 5 years.

**Definition of Total Disability.** Total disability means disability which:

a.  results from bodily injury or disease;

b.  begins after the Date of Issue of this rider;

c.  begins before the policy anniversary nearest the Insured's 65th birthday;

d.  prevents the Insured from engaging in any occupation for remuneration or profit for which he or she is or may become qualified by reason of education, training and experience. An Insured whose sole occupation is that of a student, will be deemed to be totally disabled if such Insured is not able to perform the duties of a student as a result of such injury or disease.

**Loss of Sight or Limbs.** Loss of sight or limbs means the permanent and total loss of:

a.  the sight of both eyes; or

b.  the use of both hands; or

c.  the use of both feet; or

d.  the use of one hand and one foot.

Loss of sight or limbs will be deemed to be total disability even if the Insured is able to work.

**Premiums.** No premium will be waived until the Insured has been totally disabled continuously for six months. Premiums which become due before a claim for waiver is approved are payable as provided by the terms of the policy. We will refund to the Owner any premiums which have been paid and are later waived.

If Total Disability begins during the grace period for payment of the first premium in default, such premium, with interest at 6% compounded annually, must be paid to us before any premium will be waived.

**Notice of Claim and Proof of Total Disability.** Written notice of claim and proof of total disability must be given to us during the lifetime of the Insured and during the period of total disability. Failure to give such written notice and proof of claim shall not void or lessen any claim if it is shown that such notice and proof were given as soon as was reasonably possible.

**Proof of Continuance of Total Disability.** After approval of a total disability claim, we may, at reasonable intervals, require due proof of the continuance of total disability. We may require the Insured to be examined at reasonable intervals by one or more physicians named by us. We will not require proof or examination more than once a year after disability has continued for 2 full years. If proof is not furnished on request, or if the Insured fails to submit to an examination, no additional premiums will be waived.

**Policy Benefits Not Reduced.** No claim under the policy will be reduced by any premium waived under this rider. Policy values will be the same as if the premiums waived had been paid in cash.

**Risks Not Assumed.** No benefit will be provided by this rider if disability directly results from:

a.  intentionally self-inflicted injury; or

b.  any act of war, declared or undeclared; or

c.  military service for any country or group of countries under common control, at war, declared or undeclared.

**Termination.** This rider will terminate on the earliest of the following dates:

a.  on the Maturity Date of the policy;

b.  on termination of the policy;

c.  on the policy anniversary nearest the Insured's 65th birthday. (This will not affect any claim which is based on a disability which began prior to such date.);

d.  when any premium for this rider or the policy is in default beyond the end of the grace period;

e.  upon receipt at the Home Office of the Owner's written request for termination of this rider.

**Policy Changes.** During a period of total disability, the mode of paying premiums cannot be changed. During a period of total disability, the policy to which this rider is attached may not be changed to a different plan of insurance unless so provided in the policy.

79001-1

AIG 000000153

**Policy Provisions Applicable.** This rider is subject to all the conditions and provisions of the policy to which it is attached, except as provided in this rider.

**Consideration.** The consideration for this rider is the application for the policy and this rider and payment of the premium shown under "Additional Benefits" on page 3 of the policy. The premium is payable with premiums falling due under the policy so long as this rider is in force.

**Incontestability.** This rider may not be contested, except for failure to pay premiums, after it has been in force while the Insured is alive and not disabled for a period of two years.

The Date of Issue of this rider is the Date of Issue of the policy unless a later date is shown here.

President

79001-1

AIG 000000154

FICHE/FILM  BEST COPY

**911119**

Automatic Issue Application for Life Insurance
**AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK, SYRACUSE, NEW YORK 13202**

1. Name
First: D O L O R E S
Middle: L O U I S E
Last: G U N N
☐ Male  ☒ Female

Social Security or Tax No.
2 6 4 - 5 4 - 1 2 3 9

7. Residence - Number, Street, Apt. #
2 3 8 5 1 A V E  A P T  6 A
City or Town: M A N H A T
State: N Y  Zip Code: 1 0 0 3 9

10. Name of Owner if other than proposed insured

Residence  Number, Street, Apt. #

City or Town        State  Zip Code

Social Security or Tax No.        Relationship

12. Automatic Premium Loan, if available  ☒ Yes  ☐ No

13. Name of Employer Dept OF S.S. - St Nicholas S.S.
Employee or Acct. #
Occupation & Duties  Eligibility Specialist

14. Are you now actively at work at least 20 hours a week?
☒ Yes  ☐ No (If no, explain under Remarks)

16. Home Office Endorsements. (Will not be used where prohibited by Statute or Insurance Department Regulations.)

17. Remarks and Special Instructions.
MUNICIPAL CREDIT UNION # 153382
ANNUAL SALARY $ 18,000.00

2. Date of Birth
9 05 35
Mo. Day Yr.

3. Birthplace (State or Country)
Ponchatoula

5. Plan of Insurance
SELECT WHOLE LIFE

6. Amount of Insurance
AMOUNT PURCHASED BY
$ 3.27  PER WEEK

8. Additional Benefits
WAIVER OF PREMIUM
(Provided Insured is 55 or younger)

9. Premiums Payable
☒ Payroll Deduction
☐ Other

11. Please complete if Children's Insurance Benefit is being applied for.
List only the Proposed Insured's children, stepchildren, or legally adopted children under 19 years of age. Number of Units _____

| Name (First, Middle, Last) | Sex | Relationship | Date of Birth (Mo., Day, Yr.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

15. Beneficiary for proceeds to be paid when the Proposed Insured dies.

| | Full Name | Age | Relationship |
|---|---|---|---|
| Primary | Michael Gunn | 24 | son |
| | Kevin Gunn | 20 | son |
| | Desiree Gunn | 18 | daughter |
| Secondary | | | |

Except as otherwise stated: (a) The proceeds are to be paid in equal shares to all persons who are named as Primary Beneficiary and survive the Insured. If none survive, the proceeds shall be paid in equal shares to those named as Contingent Beneficiary and who survive the Insured, (b) The right to change the beneficiary is reserved.

18. Is this policy to replace or change existing insurance?
(If answer is "Yes" complete a Disclosure Statement)  ☐ Yes  ☒ No

To the best of my knowledge and belief my answers set forth above are true and complete. I agree that the insurance applied for will take effect when a policy has been issued and the full first premium paid while the Proposed Insured is alive. Any change in this application must have the signed consent of the Proposed Insured and the Owner.

Signed at: New York, N.Y.
City        State

Signature of Proposed Insured

Date: 10-27-83

Signature of Proposed Owner (if other than Proposed Insured)

Witness: Carlos Martinez
Agent

Business Telephone No. 516-724

Home Telephone Number 996-9992

10-31-18

HAVE YOU APPLIED FOR MCU LIFE INSURANCE BEFORE?  ☐ YES  ☐ NO

AIG 000000155

# American General
## Life Insurance Company Of New York
### Syracuse, New York

This is a WHOLE LIFE POLICY. The SUM INSURED is payable upon the Insured's death. Premiums are payable during the Insured's lifetime. NONPARTICIPATING — NOT ELIGIBLE FOR DIVIDENDS.

79193-5

POLICY ADMINISTRATION
98 JUN 23 AM 9:29

### IMPORTANT NOTICE

Please read the copy of the application attached to this policy. Carefully check the application and write to the company, within ten days, if any information shown on it is not correct and complete, or if any past medical history has been left out of the application. The application is a part of the policy and the policy was issued on the basis that the answers to all questions and the information shown on the application are correct and complete.

For all inquiries regarding Policy Benefits or any other information see your American General Life Agent or write to the Company.

American General Life Insurance Company of New York is a stock life insurance company, incorporated under the laws of the State of New York, with its Home Office at Syracuse, New York.

AIG 000000156

The National Association of Insurance Commissioners is an association of state insurance regulatory officials. This association helps the various Insurance Departments to coordinate insurance laws for the benefit of all consumers. You are urged to use this Guide in making a life insurance purchase.

**This Guide Does Not Endorse**
**Any Company Or Policy**

## BUYING LIFE INSURANCE

When you buy life insurance, you want a policy which fits your needs without costing too much. Your first step is to decide how much you need, how much you can afford to pay and the kind of policy you want. Then, find out what various companies charge for that kind of policy. You can find important differences in the cost of life insurance by using the life insurance cost indexes which are described in this guide. A good life insurance agent or company will be able and willing to help you with each of these shopping steps.

If you are going to make a good choice when you buy life insurance, you need to understand which kinds are available. If one kind does not seem to fit your needs, ask about the other kinds which are described in this guide. If you feel that you need more information than is given here, you may want to check with a life insurance agent or company or books on life insurance in your public library.

3

## CHOOSING THE AMOUNT

One way to decide how much life insurance you need is to figure how much cash and income your dependents would need if you were to die. You should think of life insurance as a source of cash needed for expenses of final illnesses, paying taxes, mortgages or other debts. It can also provide income for your family's living expenses, educational costs and other future expenses. Your new policy should come as close as you can afford to making up the difference between (1) what your dependents would have if you were to die now, and (2) what they would actually need.

## CHOOSING THE RIGHT KIND

All life insurance policies agree to pay an amount of money if you die. But all policies are not the same. There are three basic kinds of life insurance.

1. Term insurance
2. Whole life insurance
3. Endowment insurance

Remember, no matter how fancy the policy title or sales presentation might appear, all life insurance policies contain one or more of the three basic kinds. If you are confused about a policy that sounds complicated, ask the agent or company if it combines more than one kind of life insurance. The following is a brief description of the three basic kinds:

4

A I G  000000157

## Term Insurance

Term insurance is death protection for a "term" of one or more years. Death benefits will be paid only if you die within that term of years. Term insurance generally provides the largest immediate death protection for your premium dollar.

Some term insurance policies are "renewable" for one or more additional terms even if your health has changed. Each time you renew the policy for a new term, premiums will be higher. You should check the premiums at older ages and the length of time the policy can be continued.

Some term insurance policies are also "convertible". This means that before the end of the conversion period, you may trade the term policy for a whole life or endowment insurance policy even if you are not in good health. Premiums for the new policy will be higher than you have been paying for the term insurance.

## Whole Life Insurance

Whole life insurance gives death protection for as long as you live. The most common type is called "straight life" or "ordinary life" insurance, for which you pay the same premiums for as long as you live. These premiums can be several times higher than you would pay initially for the same amount of term insurance. But they are smaller than the premiums you would eventually pay if you were to keep renewing a term insurance policy until your later years.

Some whole life policies let you pay premiums for a shorter period such as 20 years, or until age 65. Premiums for these policies are higher than for ordinary life insurance since the premium payments are squeezed into a shorter period.

Although you pay higher premiums, to begin with, for whole life insurance than for term insurance, whole life insurance policies develop "cash values" which you may have if you stop paying premiums. You can generally either take the cash, or use it to buy some continuing insurance protection. Technically speaking, these values are called "nonforfeiture benefits". This refers to benefits you do not lose (or "forfeit") when you stop paying premiums. The amount of these benefits depends on the kind of policy you have, its size, and how long you have owned it.

A policy with cash values may also be used as collateral for a loan. If you borrow from the life insurance company, the rate of interest is shown in your policy. Any money which you owe on a policy loan would be deducted from the benefits if you were to die, or from the cash value if you were to stop paying premiums.

## Endowment Insurance

An endowment insurance policy pays a sum or income to you – the policyholder – if you live to a certain age. If you were to die before then, the death benefit would be paid to your beneficiary. Premiums and cash values for endowment insurance are higher than for the same amount of whole life insurance. Thus endowment insurance gives you the least amount of death protection for your premium dollar.

## FINDING A LOW COST POLICY

After you have decided which kind of life insurance fits your needs, look for a good buy. Your chances of finding a good buy are better if you use two types of index numbers that have been developed to aid in shopping for life insurance. One is called the "Surrender Cost Index" and the other is the "Net Payment Cost Index". It will be worth your time to try to understand how these indexes are used, but in any event, use them only for comparing the relative costs of similar policies. LOOK FOR POLICIES WITH LOW COST INDEX NUMBERS.

## What is Cost?

"Cost" is the difference between what you pay and what you get back. If you pay a premium for life insurance and get nothing back, your cost for the death protection is the premium. If you pay a premium and get something back later on, such as a cash value, your cost is smaller than the premium.

The cost of some policies can also be reduced by dividends; these are called "participating" policies. Companies may tell you what their current dividends are, but the size of future dividends is unknown today and cannot be guaranteed. Dividends actually paid are set each year by the company.

Some policies do not pay dividends. These are called "guaranteed cost" or "non-participating" policies. Every feature of a guaranteed cost policy is fixed so that you know in advance what your future cost will be.

The premiums and cash values of a participating policy are guaranteed, but the dividends are not. Premiums for participating

AIG 000000158

policies are typically higher than for guaranteed cost policies, but the cost to you may be higher or lower, depending on the dividends actually paid.

## What Are Cost Indexes?

In order to compare the cost of policies, you need to look at:

1. Premiums
2. Cash values
3. Dividends

Cost indexes use one or more of these factors to give you a convenient way to compare relative costs of similar policies. When you compare costs, an adjustment must be made to take into account that money is paid and received at different times. It is not enough to just add up the premiums you will pay and to subtract the cash values and dividends you expect to get back. These indexes take care of the arithmetic for you. Instead of having to add, subtract, multiply and divide many numbers yourself, you just compare the index numbers which you can get from life insurance agents and companies:

1. *LIFE INSURANCE SURRENDER COST INDEX* - This index is useful if you consider the level of the cash values to be of primary importance to you. It helps you compare costs if at some future point in time, such as 10 or 20 years, you were to surrender the policy and take its cash value.

2. *LIFE INSURANCE NET PAYMENT COST INDEX* - This index is useful if your main concern is the benefits that are to be paid at your death and if the level of cash values is of secondary importance to you. It helps you compare costs at some future point in time, such as 10 or 20 years, if you continue paying premiums on your policy and do not take its cash value.

* * *

There is another number called the Equivalent Level Annual Dividend. It shows the part dividends play in determining the cost index of a participating policy. Adding a policy's Equivalent Level Annual Dividend to its cost index allows you to compare total costs of similar policies before deducting dividends. However, if you make any cost comparisons of a participating policy with a non-participating policy, remember that the total cost of the participating policy will be reduced by dividends, but the cost of the non-participating policy will not change.

## How Do I Use Cost Indexes?

The most important thing to remember when using cost indexes is that a policy with a small index number is generally a better buy than a comparable policy with a larger index number. The following rules are also important:

(1) Cost comparisons should only be made between similar plans of life insurance. Similar plans are those which provide essentially the same basic benefits and require premium payments for approximately the same period of time. The closer policies are to being identical, the more reliable the cost comparison will be.

(2) Compare index numbers only for the kind of policy, for your age and for the amount you intend to buy. Since no one company offers the lowest cost for all types of insurance at all ages and for all amounts of insurance, it is important that you get the indexes for the actual policy, age and amount which you intend to buy. Just because a "shopper's guide" tells you that one company's policy is a good buy for a particular age and amount, you should not assume that all of that company's policies are equally good buys.

(3) Small differences in index numbers could be offset by other policy features, or differences in the quality of service you may expect from the company or its agent. Therefore, when you find small differences in cost indexes, your choice should be based on something other than cost.

(4) In any event, you will need other information on which to base your purchase decision. Be sure you can afford the premiums, and that you understand its cash values, dividends and death benefits. You should also make a judgement on how well the life insurance company or agent will provide service in the future, to you as a policyholder.

(5) These life insurance cost indexes apply to new policies and should not be used to determine whether you should drop a policy you have already owned for awhile, in favor of a new one. If such a replacement is suggested, you should ask for information from the company which issued the old policy before you take action.

AIG 000000159

## IMPORTANT THINGS TO REMEMBER.— A SUMMARY

The first decision you must make when buying a life insurance policy is choosing a policy whose benefits and premiums most closely meet your needs and ability to pay. Next, find a policy which is also a relatively good buy. If you compare Surrender Cost Indexes and Net Payment Cost Indexes of similar competing policies, your chances of finding a relatively good buy will be better than if you do not shop. **REMEMBER, LOOK FOR POLICIES WITH LOWER COST INDEX NUMBERS.**

A good life insurance agent can help you to choose the amount of life insurance and kind of policy you want and will give you cost indexes so that you can make cost comparisons of similar policies.

Don't buy life insurance unless you intend to stick with it. A policy which is a good buy when held for 20 years can be very costly if you quit during the early years of the policy. If you surrender such a policy during the first few years, you may get little or nothing back and much of your premium may have been used for company expenses.

Read your new policy carefully, and ask the agent or company for an explanation of anything you do not understand. Whatever you decide now, it is important to review your life insurance program every few years to keep up with changes in your income and responsibilities.

11

## NOTICE TO APPLICANTS

The New York State Insurance Department publishes a CONSUMERS SHOPPING GUIDE FOR LIFE INSURANCE that expands upon and adds to the material in the Buyer's Guide.

You can obtain a free copy by filling out and mailing the coupon below to the New York State Insurance Department, Library, 2 World Trade Center, New York, N.Y. 10047.

Please send me a free copy of THE CONSUMERS SHOPPING GUIDE TO LIFE INSURANCE.

Name_____

Address_____

City_____ State_____

Zip_____

(New York residents only)

# LIFE INSURANCE BUYER'S GUIDE

This guide can show you how to save money when you shop for life insurance. It helps you to:

• Decide how much life insurance you should buy.

• Decide what kind of life insurance policy you need, and

• Compare the cost of similar life insurance policies.

Prepared by the
National Association of Insurance
Commissioners

Reprinted by

**American General Life Insurance
Company of New York**

January 1983

AIG 000000160

## ADDENDUM TO BUYER'S GUIDE

Some policies, including so-called <u>universal life</u> policies, provide <u>unbundled</u> cash values. That is, the insurer subtracts, from the premium you pay, certain expense charges and a charge for the current insurance costs; the balance is accumulated, with the interest, in a fund. The value of this fund at any time, less any <u>surrender charge</u>, is the cash value. The interest rate allowed may be comparable to rates offered by such other investment media as money market funds; this is attractive when such rates are high.

Sometimes these policies having <u>unbundled</u> cash values (under various trade names) also let you vary your premium payment every year, and even skip one or more payments. Insurance usually continues as long as there is enough money in the account to pay the insurance charges. If the insurer or agent claims a cost advantage for these policies, remember that life insurance costs are determined basically by the interest rate allowed on funds, by the current insurance costs (the "mortality" charge), and by the expense charges (including any applicable surrender charges). If these factors are the same for two policies, their cost should be similar, whatever the policy design.

You may also be told that a particular kind of policy has tax - usually Federal Income Tax - advantages. This may be true, but you would be well advised to check this with your tax adviser—lawyer—or accountant—if you have one. Remember that the tax law may change at any time.

January, 1983



AIG 000000161

# EXHIBIT B

FICHE/FILM  BEST COPY

**American General Life**
**Insurance Company** of New York
A Subsidiary of American General Corporation

PO Box 1456 · Syracuse New York 13201-1456

RECEIVED
AUG 10 1990
POS DEPT.

**AMERICAN GENERAL**

### BENEFICIARY DESIGNATION
(Payroll Deduction)

(See reverse side for instructions and conditions of this designation and suggested wording.)

Insured Delores Gunn                    Policy No. 811440

The present beneficiary designations for proceeds payable under this policy on the death of the Insured are terminated and the following designations made:

| CLASS | NAME | RELATION TO INSURED | DATE OF BIRTH |
|-------|------|---------------------|---------------|
| Primary | DESIREE M. GUNN | daughter | 7/27/65 |
| | Michael D. GUNN | SON | 9/26/59 |
| | Kevin P. GUNN | SON | 8/15/63 |
| Secondary | | | |
| Final | The Owner, if living; otherwise the Executors or Administrators of the Owner's Estate. | | |

**How Payment will be distributed.** Unless otherwise provided in this request or in the Policy, in any designation providing for more than one beneficiary, the proceeds will be paid in equal shares to the designated beneficiaries if living or all to the survivors.

**TRUSTS** Do not attempt to form a trust by means of a beneficiary designation. A separate trust agreement must be drawn up naming a trustee and defining the terms of the trust.

**MINORS** If you designate a minor as beneficiary, any payment due will be made to the legally appointed guardian.

Signed at Bronx, NY                    On 7/18/90
             (City & State)                    (Date)

✓ _____              _____ 8/23/90
        Witness                              Owner

                                   2937 8th Ave      26L
                                   (Street)          (Apt.#)
                                   New York      NY    10037
                                   City          State  Zip

This change of beneficiary designation has been approved, recorded and filed by the Company at its Home Office.

American General Life Insurance Company of New York

Date Recorded  AUG 23 1990      By: George B Kegel
                                        SECRETARY

10-3916

AIG 125

# EXHIBIT C

Fax Cover Sheet

TO:

Fax #: 1-713-831-3028

Attention: Policy Owner's Services

Re: Policy #
5008414400
Dolores Lois Gunn

From:

Name: Desirée Gunn-Young

Re: Power of Attorney

Contact #: 510-565-9462 cell #

# of pages including cover sheet: 6

10/18/07

**COMMENTS:**

I am the daughter of the above Named
Policy holder. I am sending a copy of
my Power of Attorney for Dolores Gunn.

Information you requested is!
Policy # - 500841440
Name - Dolores Lois Gunn
DOB - 09/25/1935
SS# - 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

I would appreciate a call to let me know
that this was received and put in her
file.
                                    Thank You,
                                    Desiree Gunn-Y

AIG 002

## POWER OF ATTORNEY

I, Dolores (Lois) Gunn, the "Principal," of 2937 Frederick Douglas Blvd., Apt. 26L, New York, NY 10039, herewith appoint my daughter, Desirée Melvinia Gunn-Young of 953 Loma Linda Ave., El Sobrante, CA 94803, as my attorney-in-fact, to act in my place and stead with the same authority as I have as Principal to do the following acts:

### I. Banking Matters:

In the event of my incapacity, to conduct any and all business regarding my deposit accounts, loans, safe deposit box, or other banking business in regard to Banco Popular, of New York, New York, and any other bank or trust company in which I have accounts and/or business. This power shall specifically include, but is not limited to the right to deposit, withdraw, sign Checks or drafts, make stop payment orders, and to conduct any banking transactions necessary or possible in regard to any and all accounts in my name in any bank or trust company including but not limited my to my account at Banco Popular.

### II. Financial Matters:

In the event of my incapacity, to act exclusively in my place regarding any and all financial matters and obligations including but not limited to credit cards, household bills, utilities, rent and any other landlord/tenant concerns, Social Security, retirement and insurance policies.

### III. Taxpayer Obligations:

a. Federal

To represent me, Dolores (Lois) Gunn, Taxpayer SSN: 244 - 50 - 1739, before any office of the Internal Revenue Service in regard to the following taxable years and returns, including but not limited to:

Type(s): Individual
Form(s): Form 1040
Year(s): 2006, 2007

As attorney-in-fact, my daughter Desirée Melvinia Gunn-Young is authorized to receive confidential information and to perform any and all acts that I can perform as Taxpayer with respect to the above specified tax matters. Statutory notices and any other communications involving the above tax matter(s) are to be sent to: Desirée M. Gunn-Young, 953 Loma Linda Ave., El Sobrante, CA 94803; ph. (510) 565-9462.

AIG 003

This power of attorney revokes any and all prior powers of attorney and tax information authorizations on file, if any, with the Internal Revenue Service for the same tax matters and years or periods covered by this power of attorney.

### Declaration of Desirée M. Gunn-Young, Representative
(To be completed by representative)

Under penalties of perjury, I, Desirée M. Gunn-Young, declare that:

1. I am not currently under suspension or disbarment from practice before the Internal Revenue Service;

2. I am aware of Treasury Department Circular No. 230 as amended (31 C.F.R. Part 10), Regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;

3. I am the daughter of Dolores (Lois) Gunn, and currently reside at 953 Loma Linda Ave., El Sobrante, CA 94803; Ph. (510) 565-9462;

4. As attorney-in-fact and daughter of Dolores (Lois) Gunn, Taxpayer SSN: _264_ - _50_ - _1739_, I am authorized and agree to represent her in accordance with this power of attorney.

Signature _Desirée M. Gunn-Young 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_    Date: October _5_, 2007

Desirée M. Gunn-Young, SSN: 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

### ACKNOWLEDGMENT — INDIVIDUAL

STATE OF New York
COUNTY OF New York (Manhattan)

On this _5_ day of October 2007, before me, _Desiree Gunn-Young_ personally came to me known to be the person(s) described in the foregoing Power of Attorney and Declaration thereto regarding federal tax obligations; and he/she/they acknowledged that he/she/they executed the same.

Date: _10/5/07_

_Meghan K. Bolte_
Notary Public

My Commission Expires: _5/15/2010_

MEGHAN K. BOLTE
Notary Public, State of New York
No. 01BO6146841
Qualified in New York County
Commission Expires May 15, 2010

Notary public: affix stamp (or other indication of notary's authority).

b. State

To represent me, Dolores (Lois) Gunn, Taxpayer SSN: 264 - 50 - 1739, before any office of the New York State Department of Taxation and Finance, and the New York City Department of Finance in regard to the following taxable years and returns, including but not limited to:

Form(s): Form IT-150
Year(s): 2006, 2007

As attorney-in-fact, my daughter Desirée Melvinia Gunn-Young is authorized to receive confidential information and to perform any and all acts that I can perform as Taxpayer with respect to the above specified tax matters. Statutory notices and any other communications involving the above tax matter(s) are to be sent to Desirée M. Gunn-Young, 953 Loma Linda Ave., El Sobrante, CA 94803; ph. (510) 565-9462.

This power of attorney revokes any and all prior powers of attorney and tax information authorizations on file, if any, with the New York State Department of Taxation and Finance and the New York City Department of Finance for the same tax matters and years or periods covered by this power of attorney.

### Declaration of Desirée M. Gunn-Young, Representative
(To be completed by representative)

Under penalties of perjury, I, Desirée M. Gunn-Young, SSN: 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, declare that:

1. I am the daughter of Dolores (Lois) Gunn, and currently reside at 953 Loma Linda Ave., El Sobrante, CA 94803; Ph. (510) 565-9462;

2. As attorney-in-fact and daughter of Dolores (Lois) Gunn, Taxpayer SSN: 264 - 50 - 1739, I am authorized and agree to represent her in accordance with this power of attorney;

3. I affirm that my representation will not violate the provisions of the Ethics in Government Act or section 2604(d) of the New York City Charter restricting appearances by former government employees before his or her former agency. I have read a summary of these restrictions reproduced in the instructions for Power of Attorney, New York State Department of Taxation and Finance Form POA-1-I.

Signature: _Desirée M. Gunn-Young_ 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    Date: October 5, 2007
Desirée M. Gunn-Young, SSN: 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

AIG 005

## ACKNOWLEDGMENT — INDIVIDUAL

STATE OF New York
COUNTY OF New York (Manhattan)

On this _5_ day of October 2007, before me _Desirée M. Gunn-Jac___ personally came to me known to be the person(s) described in the foregoing Power of Attorney and Declaration thereto regarding New York State and City tax obligations; and he/she/they acknowledged that he/she/they executed the same.

Date: _October 5, 2007_

_Meghan K. Bolte_
Signature of Notary Public

My Commission Expires: _May 15, 2010_

MEGHAN K. BOLTE
Notary Public, State of New York
No. 01BO6145841
Qualified in New York County
Commission Expires May 15, 2010

Notary public: affix stamp (or other indication of notary's authority).

### 4. Medical Care:

In the event of my incapacity, to act exclusively in my place regarding any and all health care decisions for me, including the type of treatment, location of treatment, and in addition, the right to refuse or decline life prolonging treatment and to direct that any care which I receive be solely to alleviate pain.

### 5. Personal Property:

In the event of my incapacity, to act exclusively in my place regarding the disposition of any and all of my personal property and possessions including but not limited to furniture, jewelry, clothing, pictures, appliances, kitchen and dining ware, electronic devices and cash.

### 6. Final Arrangements:

In the event of my incapacity, to act exclusively in my place regarding any and all final arrangements including but not limited to memorial services, funeral services (e.g. burial, cremation, interment), and the final disposition of my remains.

This durable power of attorney shall be in effect from October _5_, 2007 to October 4, 2010 and shall not be revoked due to my incapacity, incompetence, or death, and will continue in effect should I ever become incapacitated, incompetent, or deceased. In the event of my incapacity or incompetence, this power of attorney shall continue beyond October 4, 2010 until such time as I am no longer incapacitated or incompetent.

_Dolores (Lois) Gunn_                    Date: October _5_, 2007
Dolores (Lois) Gunn, As Principal and Taxpayer

### ACKNOWLEDGMENT — INDIVIDUAL

STATE OF New York
COUNTY OF New York (Manhattan)

On this _5_ day of October 2007, before me, _Dolores (Lois) Guan_ personally came to me known to be the person(s) described in the foregoing Power of Attorney; and he/she/they acknowledged that he/she/they executed the same as a voluntary act and deed for the purposes set forth therein.

Date: _October 5, 2007_

_Meghan K. Solt_
Notary Public

My Commission Expires: _May 15, 2010_

MEGHAN K. SOLTE
Notary Public, State of New York
No. 01SO9148841
Qualified in New York County
Commission Expires May 15, 2010

Notary public: affix stamp (or other indication of notary's authority).

# EXHIBIT D

Fax Cover Sheet

TO:

Fax #: _1-713-831-3028_
Attention: _Title Change Dept._
Re: _Dolores Lois Gunn_
_policy #_
_5008414400_

From:

Name: _Desiree Gunn-Young_
Re: _Dolores Gunn_
Contact #: _510-565-9462_

# of pages including cover sheet: _2_

---

**COMMENTS:**

_Change of Beneficiary form for the above named owner & policy #_



AMERICAN GENERAL

Change of Beneficiary

The United States Life Insurance Company in the City of New York (USL), New York, New York
American International Life Assurance Company, New York, New York
*Member companies of American International Group, Inc.*

☐ Fixed Life Service Center - P.O. Box 4373, Houston, TX 77210-4373
☐ Variable Life Service Center - P.O. Box 4880, Houston, TX 77210-4880

*Please print or type all information except signatures.*

Instructions for completing this form are listed on the back.

| 1. | CONTRACT IDENTIFICATION | CONTRACT No: 5009414400 |
| | ☐ Check Here if New Address | OWNER: _Dolores Lois Gunn_   SSN/TIN OR EIN: _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_ |
| | | ADDRESS: _2937 8th Avenue APT 26L_   PHONE No: _212-926-9992_ |
| | | _New York, N.Y. 10039_ |
| | | EMAIL ADDRESS (optional): _____ |
| | | INSURED/ANNUITANT (if other than Owner): _____ |

**2. BENEFICIARY DESIGNATIONS**

One or more of the following may be checked. If nothing is checked, the designation will be in effect for the Base Insured only. Must be of legal age, if not Minor Beneficiary Clause must be completed.
Designation is in effect for: ☐ Base Insured  ☐ Spouse Insured  ☐ Other

**A. PRIMARY**
Address Required

| Full Name | Relationship | Address | SSN | Percentage (if applicable) Must total 100 |
|---|---|---|---|---|
| _Desirée M. Gunn-Young_ | _daughter_ | _953 Loma Linda Ave, El Sobrante, CA 94803_ | _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_ | _100%_ |

If a living or non-testamentary trust is designated as a primary beneficiary, complete the following:    Dated: _____

Legal Name of Trust

**B. CONTINGENT**
Address Required

| Full Name | Relationship | Address | SSN | Percentage (if applicable) Must total 100 |
|---|---|---|---|---|
| | | | | |

Dated: _____

Legal Name of Trust

**3. OPTIONAL CLAUSES**

One or more of the following may be checked if desired:
☐ POSTPONEMENT CLAUSE - COMMON DISASTER     ☐ CHILDREN'S CLAUSE - PER STIRPES
☐ MINOR BENEFICIARY CLAUSE - TRUSTEE FOR CHILDREN     ☐ IRREVOCABLE BENEFICIARY

Name of Trust/Trustee

**4. SIGN HERE FOR ABOVE REQUEST**

The undersigned contract owner hereby revokes any previous beneficiary designation and any optional mode of settlement with respect to any death benefit proceeds payable at the death of the Insured/Annuitant. Under penalties of perjury, I certify that: (1) The number shown on this form is my correct taxpayer identification number, and (2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to back-up withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien). The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

_Dolores Lois Gunn_                    _10/25/07_
Signature of Owner                    Title                    Date

_____                    _____
Signature of Co-Owner, Assignee, Witness    Title    Date

**RETURN COMPLETED FORM TO THE ADDRESS OF THE COMPANY CHECKED ABOVE.**    Page 1 of 2

USL0173 Rev0904

AIG 009

# EXHIBIT E



Insurance Service Center for:

The United States Life Insurance
Company in the City of New York

October 31, 2007

CHEYENNE MORALES
589 AMSTERDAM AVE APT 4 J
NEW YORK NY 10024-2342

Contract Number:       5008414400
Insured:               DOLORES L GUNN

Dear MS MORALES :

We were notified of the death of DOLORES L GUNN and wish to extend our condolences to the family.  In order
to process this claim, we will need the following:

- Enclosed Claimant's Statement to be completed by the beneficiary.  Please read the back of these forms for
  any additional information.
- CERTIFIED Death Certificate
- The original contract

*The beneficiary information will follow.*

Unless you indicate otherwise, lump sum proceeds of $10,000 or more will be automatically deposited to an
interest earning money-market type account with check-writing privileges.  If you prefer to receive a settlement
check instead of having the proceeds deposited in the interest earning account, please write "I would prefer a
settlement check" on the bottom section of the claim form entitled "where should any check or correspondence be
mailed."

We have enclosed a brochure entitiled WHEN A LOVED ONE DIES.  This brochure provides helpful
information about issues you might be facing now, such as steps you may need to take to settle an estate.

If you have any questions or need additional assistance, please contact our office.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

Forms Enclosed

cc:     N6083
        Y020335

CMA12

The United States Life Insurance Company in the City of New York
New York, New York
*Member of American International Group, Inc.*
Service Center ● P.O. Box 4443 ● Houston, TX 77210-4443 ● 1.800.666.1051 ● Fax 713.831.3028

245

# EXHIBIT F

**AIG    AMERICAN GENERAL**

*Insurance Service Center for:*

The United States Life Insurance
Company in the City of New York

November 05, 2007

KEVIN GUNN
2937 8TH AVE APT 26L
NEW YORK NY 10039-1310

Contract Number:      5008414400
Insured:              DOLORES L GUNN

Dear MR GUNN :

We were notified of the death of DOLORES L GUNN and wish to extend our condolences to the family.  In order to process this claim, we will need the following:

- Enclosed Claimant's Statement to be completed by the Executor of the Estate.  Please read the back of these forms for any additional information.
- CERTIFIED Death Certificate
- The original contract
- Certified Letters of Testamentary naming the Executor of the Estate.

Unless you indicate otherwise, lump sum proceeds of $10,000 or more will be automatically deposited to an interest earning money-market type account with check-writing privileges.  If you prefer to receive a settlement check instead of having the proceeds deposited in the interest earning account, please write "I would prefer a settlement check" on the bottom section of the claim form entitled "where should any check or correspondence be mailed."

We have enclosed a brochure entitiled WHEN A LOVED ONE DIES.  This brochure provides helpful information about issues you might be facing now, such as steps you may need to take to settle an estate.

If you have any questions or need additional assistance, please contact our office.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

Forms Enclosed
   :
cc:      N6083
         Y020335

CMA12

The United States Life Insurance Company in the City of New York
New York, New York
*Member of American International Group, Inc.*
Service Center • P.O. Box 4443 • Houston, TX 77210-4443 • 1.800.666.1051 • Fax 713.831.3028

AIG 066

 **AMERICAN GENERAL**

*Insurance Service Center for:*

**The United States Life Insurance Company in the City of New York**

November 05, 2007

MICHAEL GUNN
2937 8TH AVE APT 26L
NEW YORK NY 10039-1310

Contract Number:    5008414400
Insured:            DOLORES L GUNN

Dear MR GUNN :

We were notified of the death of DOLORES L GUNN and wish to extend our condolences to the family. In order to process this claim, we will need the following:

- Enclosed Claimant's Statement to be completed by the Executor of the Estate. Please read the back of these forms for any additional information.
- CERTIFIED Death Certificate
- The original contract
- Certified Letters of Testamentary Naming the Executor of the Estate.

Unless you indicate otherwise, lump sum proceeds of $10,000 or more will be automatically deposited to an interest earning money-market type account with check-writing privileges. If you prefer to receive a settlement check instead of having the proceeds deposited in the interest earning account, please write "I would prefer a settlement check" on the bottom section of the claim form entitled "where should any check or correspondence be mailed."

We have enclosed a brochure entitled WHEN A LOVED ONE DIES. This brochure provides helpful information about issues you might be facing now, such as steps you may need to take to settle an estate.

If you have any questions or need additional assistance, please contact our office.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

Forms Enclosed
:
cc:     N6083
        Y020335

CMA12

245

**The United States Life Insurance Company in the City of New York**
**New York, New York**
*Member of American International Group, Inc.*
Service Center • P.O. Box 4443 • Houston, TX 77210-4443 • 1.800.666.1051 • Fax 713.831.3028

AIG 097

# EXHIBIT G



**DISTRICT ATTORNEY**
OF THE
COUNTY OF NEW YORK
ONE HOGAN PLACE
NEW YORK, N.Y. 10013
(212) 335-9000



(212) 335-9331
Fax (212) 335-6914
phillipsv@dany.nyc.gov

**VICTORIA PHILLIPS**
Assistant District Attorney
Special Prosecutions Bureau

SPECIAL PROSECUTIONS BUREAU
COMPLAINT FORM

NEW YORK COUNTY
DISTRICT ATTORNEY'S OFFICE

One Hogan Place
New York, NY 10013

Date: _11/5/07_ .                          Complaint Number:_____

COMPLAINANT(S)

    Name: _Michael Ginn_

    Address: _2937 8th Ave #26L       10039_

    Phone: (Home) _212-926-9998_ (Work)_____
        _212-579-3148 daughter_
        _646-576-9155_

SUBJECT(S)

    Name: _Desiree M Young Gunn AND Kevin Peter Gunn_

    Address:_____

    Phone: (Home)_____ (Work)_____

    Business Name:_____

Were you referred to the District Attorney's office? (yes)/no

If yes, by whom: _Office of the Attorney General_

Is there any complaint against you regarding this matter which
requires you to appear in court? yes/(no)

Are you either a plaintiff or defendant in a civil suit relating to
this matter? yes/(no)

Do you have an attorney on this matter? yes/(no)

If yes, attorney name & number:_____

Are you related to the Subject in any way? (yes)/no

If yes, please describe: _I am a Brother to both_

Have you previously reported this matter to the District Attorney's
Office, the police department or any other agency? yes/(no)

If yes:

    Agency:_____

    Date reported:_____

    Individual with whom you spoke:_____

                  Please turn page over.

RECEIVED NOV 9 2007 COMPLIANCE

AIG 010

## DETAILS OF COMPLAINT

On or about Oct 20-24 My Mother Dolores Gunn, was in St. Lukes Roosevelt Hosp. Dieing of Cancer when on the afternoon of an Operation Her daughter & My Sister Gave her many documents to sign (She my Mother was being prep. for Surgery under do rest and Morphine drip) These documents amongthem was a document that would have me Michael Gunn removed as a beneficiary of some insurance polices as well as my. this was well thought out! Makeing her the sole Beneficiary. Desiree Flew in from California for one nite to do this and left before my mother came out of recovery! After my mothers death she came back to N.Y. to make a claim. At the funeral home she black mail me into signing document for Cremation I have a signed document and a tape of the incident. This was done in front of the funeral director (he said that he would have no part of Black mail. My Sister has seez. all of my mothers bank accounts illegaly and toke the monies.

*Michael Gunn*
Signature of Complainant

FOR OFFICE USE ONLY

Complaint Type: Fraud

TPA: Xhilola Ruci    ADA: Vicki Philips

NOTES & RECOMMENDATION (please initial):
is making a complaint against them as well b/c he is also involved w/ Desire AIG confirmed today that there has been a stop to the transfer of money today toward @Desiree and the money will be transfered into the estate.

ACTION TAKEN

Referred to: _____

Assigned to: _____ ICMS #: _____

Closing date & supervisor's initials: _____

If no action or referred, date c/s informed: _____

AIG 011

**LESTER J. DIER**
FORENSIC ACCOUNTANT/SENIOR INVESTIGATOR
INVESTIGATIONS DIVISION

120 Broadway
New York, NY 10271-0332

Phone (212) 416-8762
Fax (212) 416-8773
Lester.Dier@oag.state.ny.us

ANDREW M. CUOMO

DEPARTMENT OF LAW

1. PLEASE TYPE OR PRINT CLEARLY IN DARK INK.
2. YOU MUST COMPLETE THE ENTIRE FORM. INCOMPLETE OR UNCLEAR FORMS WILL BE RETURNED TO YOU.
3. MAKE SURE YOU ENCLOSE COPIES OF IMPORTANT PAPERS CONCERNING YOUR COMPLAINT.

COMPLAINANT _Michael Gunn_ _212-926-9992_ Your Name
Home Tel.

Street Address _2937 8th Ave_

City/Town _New York_   State _N.Y._   Zip _10039_   Bus. Tel.

COMPLAINT _My Siblings are stealing my inheritance._
Firm of Individual you complaining about

Firm or Individual your complaining about
_Desiree Young Gunn_
_Kevin Peter Gunn_

Street Address                              Street Address _Unknown_

City/Town   State                 City/Town _California and New York_   State   Zip

Tel.#                                        Tol. #

_Not Yet._

Has matter been submitted to another agency or attorney? ( ) Yes  ( ) No   If yes, give name and address:

Is court action pending? ( ) Yes  ( ) No   _Not Yet._

PLEASE DESCRIBE COMPLAINT BELOW AND ON THE REVERSE SIDE

My mother was in St. Lukes Hospital for over 40 Day at the end life. My Sister and Brother Have Black mailed me and have had My Mother sign documents while under duress and have change the insurance Policy, erase my name from, and are taking all moneys leaving me with nothing. I Believe that a crime has been Committed. Please investigate - Michael Gunn
insurance Fraud.
Criminal Theft.

AIG 012

OMPLAINT CONTINUED

READ THE FOLLOWING BEFORE SIGNING BELOW:

**PLEASE ATTACH TO THIS FORM PHOTOCOPIES** of any papers involved (contracts, warranties, bills received, cancelled checks, correspondence, etc.) **DO NOT SEND ORIGINALS.**

In filing this complaint, I understand that the Attorney General is not my private attorney, but represents the public in enforcing laws designed to protect the public from misleading or unlawful business practices. I also understand that if I have any questions concerning my legal rights or responsibilities, I should contact a private attorney. The above complaint is true and accurate to the best of my knowledge.

I also understand that any false statements made in this complaint are punishable as a Class A Misdemeanor under Section 175.30 and/or Section 210.45 of the Penal Law.

Signature: _Michael Brun_    Date: 11/5/07

**HAVE YOU ENCLOSED COPIES OF IMPORTANT PAPERS?**

Return to:    New York State Department of Law
              Investigations Bureau
              120 Broadway, 26th Floor
              New York, NY 10271

**DISPOSITION**
(for agency use only)

AIG 013